UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAKESHA S. HARRISON,                )      NO. ED CV 15-1362-E
                                    )
                Plaintiff,          )
                                    )
        v.                          )      **MEMORANDUM OPINION**
                                    )
CAROLYN W. COLVIN, Acting           )      **AND ORDER OF REMAND**
Commissioner of Social Security,    )
                                    )
                Defendant.          )
_____)


     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                          **PROCEEDINGS**


     Plaintiff filed a complaint on July 8, 2015, seeking review of

the Commissioner's denial of disability benefits.  The parties filed a

consent to proceed before a United States Magistrate Judge on

August 28, 2015.  Plaintiff filed a motion for summary judgment on

January 8, 2016.  Defendant filed a motion for summary judgment on March 10, 2016.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed July 14, 2015.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, a former "cashier II," asserts disability since January 31, 2010, based on a combination of alleged physical and mental impairments (Administrative Record ("A.R.") 24-210, 217-769). An Administrative Law Judge ("ALJ") found Plaintiff has severe physical impairments that restrict Plaintiff to a limited range of light work not requiring more than occasional reaching above the shoulder bilaterally (A.R. 26-27).

A vocational expert testified that a person restricted to this limited range of light work could perform Plaintiff's past relevant work as a "cashier II; D.O.T. [Dictionary of Occupational Titles] code 211.462-010" (A.R. 57).  The vocational expert also testified that a person with the residual functional capacity the ALJ found Plaintiff to retain also could perform the job of "counter clerk" (A.R. 58). The vocational expert indicated that there are approximately 6,000 "counter clerk" positions nationally (id.).[1]

///

///

---

[1]    The vocational expert actually testified that 3,000 positions nationally would exist after a 50 percent erosion for a vocational restriction Plaintiff apparently does not require (A.R. 58).  Hence, there appear to be 6,000 positions nationally, according to the vocational expert.

2

1    The ALJ asked the vocational expert, "Is your testimony
2    consistent with the Dictionary of Occupational Titles?" (A.R. 59).
3    The vocational expert responded:

4

5         The Dictionary of Occupational Titles doesn't address
6         absenteeism or position changing.  My testimony, with
7         respect to those factors, is based on my experience (A.R.
8         59).

9

10   At the end of the administrative hearing, Plaintiff's counsel argued,
11   inter alia, that the national job numbers claimed by the vocational
12   expert were not "significant" numbers (A.R. 60).

13

14   In the subsequent decision denying benefits, the ALJ found
15   Plaintiff could perform her past relevant work "as generally
16   performed" (A.R. 32).  The ALJ neither recognized nor explained any
17   inconsistency between the Dictionary of Occupational Titles ("DOT")
18   and the testimony of the vocational expert.  The ALJ did not identify
19   any other job Plaintiff assertedly could perform, and did not rule on
20   the issue of whether any such job existed in "significant" numbers
21   nationally (A.R. 31-32).  The Appeals Council denied review (A.R. 1-
22   3).

23

24                    **STANDARD OF REVIEW**

25

26   Under 42 U.S.C. section 405(g), this Court reviews the
27   Administration's decision to determine if: (1) the Administration's
28   findings are supported by substantial evidence; and (2) the

1  Administration used correct legal standards.  See Carmickle v.

2  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

3  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

4  682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

5  relevant evidence as a reasonable mind might accept as adequate to

6  support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

7  (1971) (citation and quotations omitted); see also Widmark v.

8  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

9

10        If the evidence can support either outcome, the court may

11        not substitute its judgment for that of the ALJ.  But the

12        Commissioner's decision cannot be affirmed simply by

13        isolating a specific quantum of supporting evidence.

14        Rather, a court must consider the record as a whole,

15        weighing both evidence that supports and evidence that

16        detracts from the [administrative] conclusion.

17

18  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

19  quotations omitted).

20

21                              **DISCUSSION**

22

23  **I.    Substantial Evidence Does Not Support the ALJ's Finding that**

24        **Plaintiff Can Perform her Past Relevant Work "As Generally**

25        **Performed."**

26

27        "[T]he best source for how a job is generally performed is

28  usually the Dictionary of Occupational Titles."  Pinto v. Massanari,

4

1  249 F.3d 840, 845 (9th Cir. 2001).  Although the matter is somewhat
2  unclear, the DOT appears to provide that a person restricted to
3  occasional reaching above the shoulder could not perform Plaintiff's
4  past relevant work "as generally performed."  According to the DOT,
5  the job of "cashier II" requires "reaching" "frequently."  DOT
6  211.462-010.  "Reaching" means "extending the hands and arms in any
7  direction."  SSR 85-15 (emphasis added); see Mkhitaryan v. Astrue,
8  2010 WL 1752162, at *3 (C.D. Cal. April 27, 2010) (citing the
9  "Selected Characteristics of Occupations Defined in the Revised
10  Dictionary of Occupational Titles," Appendix C).  "Any direction"
11  would appear to include above the shoulder.  See id.  Consequently,
12  many courts have discerned a conflict between the requirement of
13  frequent reaching and a preclusion or restriction on reaching overhead
14  or above the shoulder.  See, e.g., Bochat v. Colvin, 2016 WL 1125549,
15  at *2 (C.D. Cal. March 22, 2016); Hernandez v. Colvin, 2016 WL
16  1071565, at *5 (C.D. Cal. March 14, 2016); Imran v. Colvin, 2015 WL
17  5708500, at *5 (C.D. Cal. Sept. 28, 2015); Carpenter v. Colvin, 2014
18  WL 4795037, at *7-8 (E.D. Cal. Sept. 25, 2014); Skelton v.
19  Commissioner, 2014 WL 4162536, at *13 (D. Or. Aug. 18, 2014); Lamb v.
20  Colvin, 2014 WL 3894919, at *5-6 (E.D. Cal. Aug. 4, 2014); Riffner v.
21  Colvin, 2014 WL 3737963, at *4-5 (C.D. Cal. July 29, 2014); Nguyen v.
22  Colvin, 2014 WL 2207058, at *2-3 (C.D. Cal. May 28, 2014); Barnes v.
23  Colvin, 2014 WL 931123, at *7-8 (W.D. Wash. March 10, 2014); Giles v.
24  Colvin, 2013 WL 4832723, at *4 (C.D. Cal. Sept. 10, 2013); Winder v.
25  Astrue, 2013 WL 489611, at *2-3 (C.D. Cal. Feb. 6, 2013); Duff v.
26  Astrue, 2012 WL 3711079, at *3-4 (C.D. Cal. Aug. 28, 2012); McQuone v.
27  Astrue, 2012 WL 3704795, at *3-4 (E.D. Cal. Aug. 24, 2012); Newman v.
28  Astrue, 2012 WL 1884892, at *5 (C.D. Cal. May 23, 2012); Richardson v.

1  <u>Astrue</u>, 2012 WL 1425130, at *4-5 (C.D. Cal. April 25, 2012); <u>Bentley</u>

2  <u>v. Astrue</u>, 2011 WL 2785023, at *3-4 (C.D. Cal. July 14, 2011);

3  <u>Hernandez v. Astrue</u>, 2011 WL 223595, at *5 (C.D. Cal. Jan. 21, 2011);

4  <u>Mkhitaryan v. Astrue</u>, 2010 WL 1752162, at *3; <u>Caruso v. Astrue</u>, 2008

5  WL 1995119, at *7 (N.D. N.Y. May 6, 2008); <u>see also</u> <u>Prochaska v.</u>

6  <u>Barnhart</u>, 454 F.3d 731, 736 (7th Cir. 2006) ("It is not clear to us

7  whether the DOT's requirements include reaching above shoulder level

8  and this is exactly the sort of inconsistency the ALJ should have

9  resolved with the expert's help").[2]

10

11      Although an ALJ sometimes properly may rely on vocational expert

12  testimony in conflict with the information in the DOT, social security

13  rulings and case law require recognition of the conflict and an

14  explanation for the reliance.

15  ///

16  ///

17  ///

18  ///

19  ///

20

21 _____

[2]      Case law on this issue is not uniform.  Several courts
22  have discerned no conflict between the requirement of frequent
    reaching and a preclusion or restriction on reaching overhead or
23  above the shoulder.  <u>See</u> <u>Parker v. Colvin</u>, 2014 WL 4662095, at *9
    (W.D. Pa. Sept. 18, 2014); <u>King v. Commissioner</u>, 2013 WL 3456957,
24  at *3 (E.D. Mich. July 9, 2013); <u>Brister v. Colvin</u>, 2013 WL
    2318842, at *11-13 (D. Or. May 27, 2013); <u>Alarcon v. Astrue</u>, 2013
25  WL 1315968, at *4 (S.D. Cal. March 28, 2013); <u>Lidster v. Astrue</u>,
    2012 WL 13731, at *3 (S.D. Cal. Jan. 3, 2012); <u>Provenzano v.</u>
26  <u>Astrue</u>, 2009 WL 4906679, at *5 (C.D. Cal. Dec. 17, 2009); <u>Fuller</u>
    <u>v. Astrue</u>, 2009 WL 4980273, at *2 (C.D. Cal. Dec. 15, 2009);
27  <u>Rodriguez v. Astrue</u>, 2008 WL 2561961, at *2 (C.D. Cal. June 25,
    2008).

28

1    Social Security Ruling 00-4p[3] provides:

2

3      When a [vocational expert] provides evidence about the

4    requirements of a job or occupation, the [ALJ] has an

5    affirmative responsibility to ask about <u>any possible</u>

6    <u>conflict</u> between that [vocational expert] evidence and

7    information provided in the DOT. . . .[4]

8

9      If the [vocational expert's] evidence <u>appears to</u>

10    <u>conflict</u> with the DOT, the [ALJ] will obtain a reasonable

11    explanation for the <u>apparent conflict</u>.

12

13      When vocational evidence provided by a [vocational

14    expert] is <u>not consistent with</u> information in the DOT, the

15    [ALJ] must resolve this conflict before relying on the

16    [vocational expert] evidence to support a determination or

17    decision that the individual is or is not disabled.  The

18    [ALJ] will explain in the determination or decision how he

19    or she resolved the conflict.  <u>The adjudicator must explain</u>

20    <u>the resolution of the conflict irrespective of how the</u>

21    <u>conflict was identified</u> (emphasis added).

22  ///

23

---

24      [3]   Social Security rulings are "binding on ALJs."  <u>Terry</u>

25  <u>v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

26      [4]   For this purpose, the "information provided in the DOT"
includes the information provided in the DOT's "companion

27  publication," the "Selected Characteristics of Occupations
Defined in the Revised Dictionary of Occupational Titles (SCO)."

28  <u>See</u> SSR 00-4p.

1    Elsewhere, SSR 00-4p similarly provides that "[w]hen there is an
2  apparent unresolved conflict between [vocational expert] evidence and
3  the DOT, the [ALJ] must elicit a reasonable explanation for the
4  conflict before relying on the [vocational expert] evidence to support
5  a determination or decision about whether the claimant is disabled."
6  (emphasis added).  "The procedural requirements of SSR 00-4p ensure
7  that the record is clear as to why an ALJ relied on a vocational
8  expert's testimony, particularly in cases where the expert's testimony
9  conflicts with the [DOT]."  Massachi v. Astrue, 486 F.3d 1149, 1153
10  (9th Cir. 2007).

11

12    In the present case, the ALJ asked whether the vocational
13  expert's testimony was consistent with the DOT.  The vocational
14  expert's answer, which was only partially responsive, focused
15  exclusively on absenteeism and the alternating of positions between
16  sitting and standing (A.R. 57-59).  The vocational expert's answer
17  said nothing about the testimony's consistency or inconsistency with
18  the DOT's reaching requirements.  Neither the vocational expert nor
19  the ALJ recognized the possible conflict between the vocational
20  expert's testimony and the DOT's reaching requirements for Plaintiff's
21  past relevant work.  Consequently, neither the vocational expert nor
22  the ALJ provided any explanation that might support preferring the
23  vocational expert's testimony over the arguably conflicting
24  information in the DOT.  This was error.  See SSR 00-4p; Light v.
25  Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997)
26  (error that "[n]either the ALJ nor the vocational expert explained the
27  reason for departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428,
28  1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which

1  contradicts the DOT, but only insofar as the record contains

2  persuasive evidence to support the deviation").[5]

3

4      It is true that the claimant has the burden of proving an

5  inability to perform his or her past relevant work.  See Sanchez v.

6  Secretary, 812 F.2d 509, 511 (9th Cir. 1987).  It is also true that an

7  ALJ need not always consult a vocational expert to find that a

8  claimant can perform the claimant's past relevant work.  See Matthews

9  v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770

10 F.2d 845, 850 (9th Cir. 1985).  Absent the vocational expert's

11 testimony in the present case, however, the record lacks substantial

12 evidence that a person with Plaintiff's limitations could perform

13 Plaintiff's past relevant work.  See Burkhart v. Bowen, 856 F.2d 1335,

14 1341 (9th Cir. 1988) (administration may not speculate concerning the

15 requirements of particular jobs); Pinto v. Massanari, 249 F.3d at 844

16 (although the claimant has the burden of proving an inability to

17 perform his or her past relevant work, "the ALJ still has a duty to

18 make the requisite factual findings to support his [or her]

19 conclusion"); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)

20 ("the ALJ has a special duty to fully and fairly develop the record

21 and to assure the claimant's interests are considered . . .").

22 ///

23 ///

24 ///

25

26 _____

27      [5]    The Court also observes that it is not at all clear
   from the ALJ's decision that the ALJ actually relied on the
   vocational expert's testimony in finding Plaintiff could perform
28 Plaintiff's past relevant work as generally performed (A.R. 32).

1      Defendant appears to argue that the failure by Plaintiff's

2  counsel to point out these errors at the time of the administrative

3  hearing should bar Plaintiff from raising these errors now

4  (Defendant's Motion at 9-10).   If Defendant is suggesting that a

5  disability claimant waives an error by failing to raise the error at

6  the administrative level, the suggestion lacks merit.   See Sims v.

7  Apfel, 530 U.S. 103 (2000) ("Sims") (claimant may raise for the first

8  time before the court arguments not raised before the Appeals

9  Council); see also Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir.

10  2005) (court discerned error in the ALJ's failure to address an

11  apparent conflict between the DOT and the testimony of the vocational

12  expert, even though plaintiff's counsel had failed to argue the error

13  at the administrative level; "a plaintiff challenging a denial of

14  disability benefits under 42 U.S.C. § 405(g) need not preserve issues

15  in the proceedings before the Commissioner or her delegates" [citing

16  Sims]); Harris v. Apfel, 2001 WL 204836, at *1 (D. Or. Feb. 19, 2001),

17  aff'd, 40 Fed. App'x 581 (2002) (Commissioner conceded that Sims

18  "requires" the conclusion that a claimant does not waive his or her

19  argument by failing to raise the argument before the ALJ).   "Social

20  security proceedings are inquisitorial rather than adversarial.   It is

21  the ALJ's duty to investigate the facts and develop the arguments both

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

for and against granting benefits. . . ." <u>Sims</u>, 530 U.S. at 110-11.[6]

## II.   **The Court is Unable to Conclude that the ALJ's Errors Were Harmless.**

Defendant argues that any error concerning Plaintiff's past relevant work was harmless because the vocational expert testified: (1) a person with Plaintiff's limitations could also perform the job of "counter clerk"; and (2) there exist 6,000 "counter clerk" positions nationally.  "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted); <u>see</u> <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach

---

[6]   Defendant cites the unpublished decisions of <u>Wentz v. Commissioner</u>, 401 Fed. App'x 189 (9th Cir. Oct. 26, 2010) and <u>Solorzano v. Astrue</u>, 2012 WL 84527 (C.D. Cal. Jan. 10, 2012). Neither decision constitutes controlling authority.  Moreover, like the United States District Court for the Eastern District of California, this Court "does not interpret <u>Wentz</u> as holding that, whenever a VE states that there is no conflict between the VE's testimony and the DOT, that testimony must be accepted by the ALJ regardless of whether there is an unexplained apparent conflict, or that the ALJ may rely on testimony that appears to conflict with the DOT so long as the VE offers a mere conclusion that there is no conflict." <u>Gonzales v. Astrue</u>, 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012); <u>accord</u> <u>Marquez v. Astrue</u>, 2012 WL 3011779, at *2-3 (D. Ariz. July 23, 2012).  In light of <u>Sims</u>, this Court also agrees with the Eastern District that "[t]o the extent [cases such as <u>Solorzano</u>] stand for the proposition that a plaintiff is barred from seeking reversal of an erroneous ALJ decision when they neglect to object to said errors at the hearing, they are unconvincing." <u>Clark v. Colvin</u>, 2015 WL 5601406, at *6 (E.D. Cal. Sept. 22, 2015).

1   is to remand the case to the agency"); cf. McLeod v. Astrue, 640 F.3d

2   881, 887 (9th Cir. 2011) (error not harmless where "the reviewing

3   court can determine from the 'circumstances of the case' that further

4   administrative review is needed to determine whether there was

5   prejudice from the error").  Under these standards, the Court is

6   unable to conclude that the ALJ's errors were harmless.

7

8        First, the ALJ never adopted, or even evaluated, the vocational

9   expert's testimony concerning the "counter clerk" job.  In particular,

10   the ALJ did not decide whether 6,000 positions nationally constitute a

11   "significant" number of positions.  Whether there exists a significant

12   number of positions nationally is a question of fact to be determined

13   in the first instance by the ALJ.  See Martinez v. Heckler, 807 F.2d

14   771, 775 (9th Cir. 1986).  Furthermore, recent case law within the

15   Ninth Circuit may render dubious any conclusion that 6,000 positions

16   nationally constitute a "significant" number of positions.  See

17   Gutierrez v. Commissioner, 740 F.3d 519, 529 (9th Cir. 2014) ("the

18   ALJ's finding that 25,000 national jobs is sufficient presents a close

19   call"); Branch v. Colvin, 2015 WL 5225951, at *7 (D. Nev. Sept. 8,

20   2015) (8,500 jobs nationally not significant); Baker v. Commissioner,

21   2014 WL 3615497, at *8 (E.D. Cal. July 21, 2014) (14,500 jobs

22   nationally not significant); but see Evans v. Colvin, 2014 WL 3845046,

23   at *1 (C.D. Cal. Aug. 4, 2014) (6,200 jobs nationally deemed

24   significant).

25   ///

26   ///

27   ///

28   ///

1   **III.  <u>Remand for Further Administrative Proceedings is Appropriate.</u>**

2

3       The circumstances of this case warrant remand for further
4   administrative proceedings, which could remedy the ALJ's errors.   <u>See</u>
5   <u>McLeod v. Astrue</u>, 640 F.3d at 888; <u>see also</u> <u>INS v. Ventura</u>, 537 U.S.
6   12, 16 (2002) (upon reversal of an administrative determination, the
7   proper course is remand for additional agency investigation or
8   explanation, except in rare circumstances); <u>Dominguez v. Colvin</u>, 808
9   F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes
10  that further administrative proceedings would serve no useful purpose,
11  it may not remand with a direction to provide benefits"); <u>Treichler v.</u>
12  <u>Commissioner</u>, 775 F.3d at 1101 n.5 (remand for further administrative
13  proceedings is the proper remedy "in all but the rarest cases").
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 30, 2016.


                                    /S/
                              CHARLES F. EICK
                       UNITED STATES MAGISTRATE JUDGE

---

[7]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014).